IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-261-D

| | |
|---|---|
| STACEY CARPENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court upon the parties' cross-motions for Judgment on the Pleadings. (DE's-39, 42). Plaintiff has responded to Defendant's motion (DE-45), and the time for the parties to file any further responses or replies has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. (DE-44). For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-39) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-42) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB") on November 27, 2007 alleging that she became disabled on December 13, 2002. (Tr. 12). This application was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"),

1

who determined that Plaintiff was not disabled during the relevant time period in a decision dated May 21, 2010. *Id.* at 12-22. On March 28, 2011, the Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on May 24, 2011. (DE-1).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g)

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by

2

substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

Plaintiff was insured for DIB through March 31, 2007. (Tr. 14). A person must be insured for disability insurance benefits in order to be eligible for such benefits. 42 U.S.C. § 423(a)(1). *See also*, 20 C.F.R. § 404.315. Therefore, the inquiry is whether substantial evidence supports the ALJ's finding that Plaintiff's impairments were not disabling on or before March 31, 2007.

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that Plaintiff did not engage in substantial gainful employment from December 13, 2002 through March 31, 2007. (Tr. 14). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) low back pain due to degenerative disc disease; and 2) a history of

3

scoliosis. *Id.* Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 16. The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with restrictions. *Id.* Based on this finding, the ALJ found that Plaintiff was unable to perform her past relevant work. *Id.* at 21. However, based on the testimony of a vocational expert, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. *Id.* Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant time period. *Id.* at 22.

Plaintiff's argument relies primarily on the contention that the ALJ improperly weighed the evidence. However, this Court must uphold Defendant's final decision if it is supported by substantial evidence. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, her claims are largely without merit.

Nonetheless, Plaintiff raises one issue that requires remand. Specifically, Plaintiff was treated for back pain by Dr. Melinda Hayes from September 2004 through November 2006. (Tr. 363-375, 436-529, 800-809). Dr. Hayes examined Plaintiff numerous times throughout this course of treatment. During these examinations, Plaintiff exhibited weight shifting and repositioning to alleviate discomfort. *Id*. Likewise, she was often tender to palpation and frequently had less than full motor strength. *Id.* Finally, Plaintiff often demonstrated guarded behavior due to low back pain. *Id.*

4

After several examinations, Dr. Hayes stated that she would keep Plaintiff "off work." *Id.* at 449, 460, 494, 496, 498, 801.

Dr. Hayes stated on April 19, 2005 that Plaintiff could not return to work. *Id.* at 499. In her objective findings, Dr. Hayes noted that Plaintiff had decreased range of motion, strength and reflexes. *Id*.

On August 1, 2005, Dr. Hayes indicated that Plaintiff was not capable of working. *Id.* at 483.

Dr. Hayes opined on March 31, 2006 that Plaintiff could only sit, stand or walk for one hour in an eight hour workday. *Id.* at 436. She also determined that Plaintiff could lift no more than 10 pounds. *Id.* Furthermore, Dr. Hayes stated that Plaintiff would frequently miss work due to "exacerbations of pain." *Id.* at 440. Finally, Dr. Hayes indicated that Plaintiff's pain "had been refractory to aggressive conservative treatment." *Id.*

On August 1, 2006, Dr. Hayes opined that Plaintiff was "unable to return to work of any kind, not even sedentary, due to her work-related injuries." *Id.* at 373.

With regard to Dr. Hayes' observations, the ALJ made the following findings:

> As for the opinion evidence, Dr. Hayes opined on March 31, 2006 because of claimant's pain she would be precluded from performing activities that precipitated the pain. Further, she opined the claimant would require three, five to 10 minutes breaks in an hour to lie down, move about and/or stretch. Moreover, she would need to apply her TENS unit. In addition, although surgical intervention was recommended, Dr. Hayes suggested the intervention mayor may not effect partial symptom relief (Exhibit 14F, op. 5). However, in view of the findings and conclusions by Dr. Bridger and Dr. Johns as well as the opinions expressed in the functional capacity examination that was performed a couple of months earlier, the undersigned is not convinced the claimant was as limited as described by Dr. Hayes.

*Id.* at 19.

The ALJ must generally give more weight to the opinion of a treating physician because that doctor is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. 20 C.F.R. § 404.1527(d)(2). However, "[c]ircuit precedent does not require that a treating physician's testimony 'be given controlling weight.'" Craig, 76 F.3d at 590 (*quoting* Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.* *See also*, Mastro, 270 F.3d at 178 (explaining "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence") (citation omitted); Wireman v. Barnhart, 2006 WL 2565245, * 8 (W.D.Va. Sept. 5, 2006) (stating an ALJ "may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings"); 20 C.F.R. § 404.1527(d)(3).

Nonetheless, when the ALJ does not give the opinion of a treating physician controlling weight, the ALJ must weigh the opinion pursuant to the following non-exclusive list: 1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship between the physician and the claimant; 3) the supportability of the physician's opinion; 4) the consistency of the opinion with the record; and 5) whether the physician is a specialist. 20 C.F.R. § 404.1527(d)(2)-(6). *See also*, Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). Moreover, the ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by substantial evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96–2p, 1996 WL 374188, at *5. *See also*, Farrior v. Astrue, 2011 WL 3157173, * 4 (E.D.N.C. June 1, 2011).

6

"Unless the [Commissioner] explicitly indicates the weight given to all the relevant evidence, [a district court] cannot determine on review whether the findings are supported by substantial evidence." Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980). *See also*, Harmon v. Apfel, 103 F.Supp.2d 869, 873 (D.S.C. July 5, 2000).

Here, the ALJ's statement that he was "not convinced the claimant was as limited as described by Dr. Hayes" (Tr. 19), does not satisfy these requirements. Specifically, the ALJ does not explicitly indicate the weight given to Dr. Hayes' opinions. In addition, the undersigned also notes that the ALJ does not discuss Dr. Hayes' opinions in light of the factors listed at 20 C.F.R. § 404.1527(d)(2)-(6). Accordingly, this matter should be remanded to permit Defendant to make more specific finings with regard to Dr. Hayes' opinions.

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-39) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-42) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, May 29, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE